# Order

**Michigan Supreme Court**
**Lansing, Michigan**

June 1, 2018

Stephen J. Markman,
Chief Justice

Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Kurtis T. Wilder
Elizabeth T. Clement,
Justices

156475 & (81)

KIRK SCOTT PEDERSEN,
         Plaintiff-Appellee,

v

MEIJER STORES, INC.,
         Defendant-Appellant,

and

MACTEC, INC., MACTEC ENGINEERING &
CONSULTING, INC., AMEC E&I, INC., AMEC
E&I HOLDINGS, INC., AMEC ENVIRONMENT
& INFRASTRUCTURE, INC., JARDER
OUTDOOR NINGBO COMPANY, LTD.,
NINGBO TEXTILES IMPORT & EXPORT
CORPORATION, NINGBO TEXTILES, HAIJIN
METAL PRODUCTS, LTD., QIAN JUN,
SINOCHEM GROUP, SINOCHEM
CORPORATION, SINOCHEM, SINOCHEM
NINGBO COMPANY, LTD., and SINOCHEM
INTERNATIONAL,
         Defendants.

SC: 156475
COA: 328855
Wayne CC: 11-012843-NO

_____/

On order of the Court, the motion for leave to file brief amicus curiae is GRANTED. The application for leave to appeal the August 3, 2017 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

MARKMAN, C.J. (*dissenting*).

I respectfully dissent from the order denying leave to appeal and instead would vacate the Court of Appeals' analysis regarding causation and remand to the trial court so that it can address this issue in the first instance.

This products-liability action arises out of injuries sustained by plaintiff when his hunting tree stand collapsed, resulting in an approximately 18- to 20-foot fall. Plaintiff alleged that he had purchased the tree stand from defendant and that, being on clearance sale, it did not come with its original packaging, instruction manual, or on-product warning label. The missing instruction manual warned against leaving the tree stand up for more than one season because it could place stress on the brackets and chain securing

the stand. Plaintiff also testified that he left the stand up for at least one year prior to the hunting season during which he was injured and that he was not aware the stand could fail if he left it up for that period of time. His complaint alleged that a bracket on the stand apparently became bent, "allowing the chain to become dislodged and the tree stand to separate from the tree and fall to the ground." Among other things, plaintiff alleged that defendant owed him a duty to exercise reasonable care and that defendant had made an express warranty concerning the product under MCL 600.2947(6), which provides as follows:

> (6) In a product liability action, a seller other than a manufacturer is not liable for harm allegedly caused by the product unless either of the following is true:

> (a) The seller failed to exercise reasonable care, including breach of any implied warranty, with respect to the product and that failure was a proximate cause of the person's injuries.

> (b) The seller made an express warranty as to the product, the product failed to conform to the warranty, and the failure to conform to the warranty was a proximate cause of the person's harm.

Defendant moved for summary disposition under MCR 2.116(C)(10), which motion the trial court denied in part and granted in part. As to MCL 600.2947(6)(b), the court granted summary disposition in defendant's favor, but as to MCL 600.2947(6)(a), the court held that "there exists a genuine issue of material fact on [defendant's] alleged failure to exercise reasonable care, limited to the assertion that the tree stand did not come with instructions or an on-product warning label." Although the trial court specifically addressed MCL 600.2947(6)(b) and the "reasonable care" part of MCL 600.2947(6)(a), it never addressed the causation part of the latter, which requires that a seller's failure to exercise reasonable care must be "a proximate cause of the person's injuries."

Defendant appealed, arguing that it was entitled to summary disposition under MCL 600.2947(6)(a) because plaintiff could not establish causation. However, the Court of Appeals rejected this argument, holding that a "question of fact exists with respect to whether [defendant's] failure to include product materials and on-product warning labels with the sale of the product was a proximate cause of plaintiff's injuries." To reach this conclusion, the court relied on the following evidence: (1) plaintiff's testimony that he was a "safety-conscious" individual; (2) his testimony that had the warning label been "right in front of [him], [he] would have read it"; (3) his testimony that he would not have left the tree stand up for more than one season had he known that it could fail if it were left up for more than a season; and (4) testimony that the tree stand was missing the on-product label, which contained "the manufacturer[']s name, the year the stand was manufactured, the manufacturer's address, and the model number, as well as a . . . safety warning."

These reasons are insufficient, in my judgment, to demonstrate the existence of a genuine issue of material fact regarding causation. First, although plaintiff testified that he was "safety conscious," he acknowledged that he would not have read the instruction manual even if the tree stand had come with one. Second, although plaintiff testified that he would have read the on-product warning label if it "were right in front of [him]," the label that was missing from the product did not contain a warning about leaving the tree stand up for more than one season. Rather, the safety warning on the label merely warned against exceeding the weight limit of 300 pounds and advised users to wear the fall-arrest system while using the product. The instruction manual was the only missing source of information that contained the warning about leaving the tree stand up for more than one season, a document that plaintiff specifically acknowledged he would not have read. As a result, it does not appear that the presence of either an on-product warning label or an instruction manual would have prevented plaintiff from leaving the tree stand up for more than one year. Therefore, I would vacate this part of the judgment of the Court of Appeals.

Although I believe the Court of Appeals' causation analysis was flawed, the trial court itself never specifically addressed the causation issue. Although defendant raised the issue, it was not the focus of the parties' arguments in the trial court. Furthermore, the arguments in this regard were poorly developed, and the Court of Appeals focused only on a single aspect of plaintiff's claim: the missing on-product warning label as it related to leaving the tree stand up for more than one season. In my view, it would be beneficial for the trial court to fully address the causation issue. Therefore, in addition to vacating the causation analysis of the Court of Appeals, I would remand to the trial court for an initial ruling on this issue.

ZAHRA and WILDER, JJ., join the statement of MARKMAN, C.J.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 1, 2018



Clerk

p0529